CELESTINA SOSA-VIZCARRONDO, Appellant, v. REGISTRAR OF SAN JUAN, Respondent.

No. 618. Submitted July 21, 1925.—Decided December 9, 1925.

1. WILL—PARTITION BY TESTATOR.—Section 1023 of the Civil Code is not an exception to section 813 of the Spanish Civil Code which was repealed, in 1902 and revived by the Act of March 9, 1905.

2. ID.—ID.—When a testator, who leaves sufficient property or money to carry out his will in conformity with section 1023 of the Civil Code, makes dif-

ferent legacies and leaves to his forced heirs only their legal portions, the heirs are not bound to abide by the partition made by the testator and remain in joint possession of a property which the testator ordered to be preserved undivided among them.

Registry of Property of San Juan, Tirado Verrier, R. Decision refusing to record a partition. *Reversed.*

*José G. Torres* and *C. García de la Noceda* for the appellant. The Registrar appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Celestina Sosa y Vizcarrondo presented in the Registry of Property of San Juan, First Division, a partition of the property left by Manuel Sosa Olivas for the purpose of recording a rural property which was divided into three portions and allotted separately to Juan Sosa Escobar, Celestina Sosa y Vizcarrondo, acknowledged natural children of the deceased named as his sole and universal heirs in an open will made by him on August 4, 1921, and to Carmen Escobar as legatee.

The registrar refused to record it on the ground that the division of the property was made "in contravention of the will of the testator as expressed in the 5th clause of the will," which reads as follows:

"Fifth.—It is the will of the testator, guided by a principle of love and solidarity, that his heirs Juan I. Sosa y Escobar and Celestina Sosa y Vizcarrondo as well as his legatee Carmen Escobar shall remain united, holding the property under the name of Succession of Manuel Sosa Olivas dedicated to the business already established, or to that which future circumstances may demand, under the direction of Juan I. Sosa y Escobar, for the testator hopes and wishes that the Josefina property shall remain indivisible, and if perchance Celestina Sosa y Vizcarrondo may not desire in the future to remain in the community, then she shall sell her interest in the said Josefina property to the other joint owners, Juan I. Sosa Escobar and Carmen Escobar, who shall pay her the value of her share in cash or instalments as the circumstances may require at the time of the sale, those remaining to continue then under the name of Succession of Manuel Sosa Olivas."

The registrar agrees with the appellant that the testator

can not deprive the forced heirs of their legal portions, but contends that that is not a prohibition of law which admits of no exception, giving as an example the debts and other obligations that have preference over the legal portion. However, it is necessary to say that the point in controversy is not reached by any of those exceptions. The registrar bases his decision principally, as if another exception to the rule were involved, on section 1023 of the Civil Code which reads:

"If the testator should make a division of his property by an act *inter vivos* or by a last will, it shall be accepted in so far as it does not prejudice the legal portion of the heirs by force of law.

"A father who, in the interest of his family, desires to keep an agricultural, industrial, or manufacturing enterprise undivided may make use of the privilege granted him by this section by providing that the legal portions of the other children be paid in cash."

[1] This section is not an exception to, but rather a confirmation of, section 813 of the Spanish Civil Code, which was repealed when the Revised Civil Code was adopted in 1902 and revived later by the Act to modify and repeal sections 795, 796 and others of said code of March 9, 1905. Section 4 of that Act (Comp. 1911, sec. 3876) reads:

"Sec. 4.—A testator can not deprive the heir of his legal portion, except in the cases expressly fixed by law.

"Neither can he impose upon it any burden, condition, or substitution of any kind whatsoever, with exception of what has been prescribed with regard to the usufruct of the surviving spouse."

In commenting on this statute Manresa says:

"Section 813 is a logical consequence of the definition of the legal portion as given in section 806. If the testator can not dispose of the portion reserved by law to certain heirs, it is clear that he can not deprive the heirs at law of that portion, nor impose upon it any lien, condition or substitution. A will superior to his, by depriving the testator of that power, has already provided for the right in which the legal portion consists, and since that power does not belong to him, he may exercise none.

\*        \*        \*        \*        \*        \*        \*

"Section 813 adds in its first subdivision that only in the cases expressly determined by law may the heirs at law be deprived of their legal portions. These cases are only those wherein some just cause exists for disinheriting the legitimate or natural descendants, the ancestors or the spouse, as we shall see in sections 848 to 857. Except in cases of disinheritance a testator can not deprive the heirs at law of their legal portions.

\*        \*        \*        \*        \*        \*        \*

"The condition imposed upon a natural son by his father in his will that he can not dispose of the property left to him until he is twenty-five years of age is valid only with regard to two-thirds of the property, for as regards the other third, which is the legal portion of that son, section 813 forbids all conditions. (Decision of the General Director of Registries of April 28, 1898.)

\*        \*        \*        \*        \*        \*        \*

"There being forced heirs the direction of the testator that his executors retain possession of all of the property until the allotment is made to the distributees and that no account can be required of them is incompatible with the respect due to the legal portions and is no obstacle to the bringing of testamentary proceedings by the heirs. (Judgment of the Supreme Court of June 11, 1905.)" Manresa, Spanish Civil Code, vol. VI, pages 347–349.

Notwithstanding the text of the law and the commentaries, the registrar insists that the testator could impose upon his heirs without discrimination the condition of preserving the unity of the Josefina property which had been partitioned. The second paragraph of section 1023 on which the registrar bases his contention can not be construed alone. It is subordinate to the preceding paragraph. A testator has ample power to make a partition of his property by acts *inter vivos* or *mortis causa,* but he can not prejudice the legal portions of the forced heirs. As a consequence thereof the law allows the parent to direct that an agricultural, industrial, or manufacturing enterprise be kept undivided by giving it to a single heir, but at the same time orders that the other heirs shall receive payment in money for their legal portions. If there are no

funds or property for complying with this requisite in re-
gard to the legal portions, it seems logical that the testa-
tor can not order the carrying out of his will in contraven-
tion of the rights of the forced heirs. The second para-
graph of section 1023 means only that the powers of the
testator in making the partition are not limited to the kind
of property to be awarded to the heirs, but always under
the condition of not prejudicing the entirety of their legal
portions.

"The same power that the second paragraph of section 1056
gives to the parent when it results in favor of the permanence and
growth of his agricultural, industrial and manufacturing establish-
ments is to be supposed as existing in other cases although not ex-
pressed by the legislators, for example, the giving of his entire li-
brary to one of his children who shows likings or aptitudes in
benefit of which the library might be used profitably, as well as the
exclusive award of his office equipment, professional instruments,
etc., to one of his descendants so that he may continue that occupa-
tion or profession, endeavoring to indemnify the other heirs for
what, on that account, they failed to receive in the partition."
Scaevola, Civil Code, vol. XVIII, p. 281.

[2] It may be noticed, however, that in this case the
testator did not follow section 1023 literally. He did not
make practically a division of the estate or award the farm
to one of the heirs to be kept undivided, leaving other prop-
erty or money to pay the legal portions of the other forced
heirs. He merely expressed his wish that the Josefina
property should be maintained undivided and in case Car-
men Sosa Vizcarrondo, a forced heir, should not want to
remain in the community, he directed that she should sell
her share to the other heirs for its value. We have no
doubt that the testator could have ordered that in a case
of voluntary heirs, or in case of forced heirs, their legal
portions be paid for in money. In this case the award of
the undivided portions in the Josefina property to the two
acknowledged natural children represents in its greater part

the amount of their legal portions. Therefore, they were not bound to remain as joint owners. Thus it is also expressly provided by section 1018 which reads as follows:

"Sec. 1018.—No heir shall be compelled to remain in possession of the inheritance without partition unless the testator expressly prohibits partition. This prohibition shall not extend to the property which constitutes the lawful portions of the heirs. In every case, partition shall always be had for any reasons for which a partnership is dissolved."

The testator, on the other hand, left property or money sufficient to carry out his will in conformity with section 1023, but instead of this he made different legacies amounting to a large sum and left to his two children only the shares that constituted their legal portions, which by law are exempt from any charge, lien or condition.

For the foregoing reasons the decision appealed from is reversed and the record ordered.

Mr. Justice Wolf took no part in the decision of this case.